IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
CIVIL DIVISION

FILED
2020 JUN 15 PM 2:06
JERRY HAWKINS
CIRCUIT CLERK
CRITTENDEN COUNTY, AR

SAIA MOTOR FREIGHT LINE, LLC,

    PLAINTIFF,

VS.      CIVIL ACTION NO. CV2020-317
    JURY DEMANDED

AVERITT EXPRESS, INC.,
WILLIAM CHARLES BEERS, JR.,
HAROLD BIBBS & SONS TRUCKING, INC., and
TOMMY EUGENE COBB,

    DEFENDANTS.

## COMPLAINT

COMES NOW Plaintiff SAIA Motor Freight Line, LLC ("SAIA") by and through its counsel, and files this Complaint (the "Complaint") against Defendants Averitt Express, Inc. ("Averitt Express"), William Charles Beers, Jr., ("Beers"), Harold Bibbs & Sons Trucking, LLC ("Harold Bibbs"), and Tommy Eugene Cobb ("Cobb") (collectively "Defendants"), and states:

### THE PARTIES

1) Plaintiff SAIA Motor Freight Line, LLC is a limited liability company with its principal place of business located at 104 Woodlawn Ranch Road Houma, Louisiana 70363.

2) Defendant Averitt Express, Inc. is a foreign corporation with its principal place of business located at 1355 Neal Street Cookeville, Tennessee 38501.

3) Defendant William Charles Beers, Jr. is an individual, who has the address of 3628 Vernon Street Pine Bluff, Arkansas 71602.

4) Defendant Harold Bibbs & Sons Trucking, Inc. is a foreign corporation with its principal place of business located at 14974 Hwy 164 West Hornersville, Missouri 63855.



EXHIBIT A

5) Defendant Tommy Eugene Cobb is an individual, who has the address of 501 N 7½ Street Paragould, Arkansas 72450.

## JURISDICTION AND VENUE

6) The Circuit Court of Crittenden County, Arkansas has subject matter jurisdiction over this matter.

7) The Circuit Court of Crittenden County, Arkansas has personal jurisdiction over all parties named herein.

8) Crittenden County, Arkansas is an appropriate venue for this matter.

## FACTS

9) Beers is a commercial driver, who was at all relevant times operating a 2018 Volvo commercial tractor (Tennessee License Plate No. K7655HY; VIN No. 4V4NC9EG5JN996928) and trailer within the scope of his employment with and on or about the business of Averitt Express.

10) On information and belief, at all relevant times, the 2018 Volvo commercial tractor-trailer driven by Beers (the "Averitt Express Vehicle") was owned by Averitt Express.

11) On information and belief, at all relevant times, Averitt Express had given Beers its implied or express permission to operate the Averitt Express Vehicle.

12) Cobb is a commercial driver, who was at all relevant times operating a 2017 Peterbilt commercial tractor (Missouri License Plate No. 11KR7U; VIN No. 1XPBD9X6HD371334) and trailer within the scope of his employment with and on or about the business of Harold Bibbs.

13) On information and belief, at all relevant times, the 2017 Peterbilt commercial tractor-trailer driven by Cobb (the "Harold Bibbs Vehicle") was owned by Harold Bibbs.

14) On information and belief, at all relevant times, Harold Bibbs had given Cobb its implied or express permission to operate the Harold Bibbs Vehicle.

15) At all relevant times, commercial driver Aaron Michael Arakaki, ("Arakaki") was operating a 2018 Volvo commercial tractor (Louisiana License Plate No. P241881; VIN No. 4V4M19EH6JN994843 and trailer (the "SAIA Vehicle") within the scope of his employment with and on or about the business of SAIA.

16) At all relevant times, the SAIA vehicle was owned by SAIA.

17) At all relevant times, SAIA had given Arakaki its express permission to operate the SAIA Vehicle.

18) On May 8, 2020 at approximately 5:40 a.m., Arakaki was operating the SAIA Vehicle in the outside lane of Interstate 55 Highway North near Log Mile 4.585 in Crittenden County, West Memphis, Arkansas when his vehicle hydroplaned due to the weather conditions.

19) On May 8, 2020 at approximately 5:40 a.m., Beers was operating the Averitt Vehicle in the inside lane of Interstate 55 Highway North near Log Mile 4.585 in Crittenden County, West Memphis, Arkansas when his vehicle struck the hydroplaning SAIA Vehicle causing the SAIA vehicle to further jackknife and wreck.

20) On May 8, 2020 at approximately 5:42 a.m., Cobb was operating the Harold Bibbs Vehicle in the outside lane of Interstate 55 Highway North near Log Mile 4.585 in Crittenden County, West Memphis, Arkansas when his vehicle struck the SAIA Vehicle.

## CAUSES OF ACTION

21) Beers owed a duty to SAIA and Arakaki to use due care to watch where he was driving, maintain a proper lookout, reduce speed to avoid a collision, and maintain a proper distance between the Averitt Express Vehicle and other vehicles, including the SAIA Vehicle.

22) Beers breached his duty to by negligently:

   a. failing to operate the Averitt Express Vehicle in a reasonable and prudent manner;

   b. operating the Averitt Express Vehicle in a negligent manner;

   c. failing to control the speed of the Averitt Express Vehicle;

   d. operating the Averitt Express Vehicle too fast for the conditions present;

   e. failing to keep a lookout for that which was beside him, including the SAIA Vehicle;

   f. failing to devote full time and attention to the operation of the Averitt Express Vehicle;

   g. failing to apply brakes and stop the Averitt Express Vehicle to avoid a collision with the SAIA Vehicle; and

   h. failing to maintain proper control of the Averitt Express Vehicle and stop, turn, or otherwise maneuver the vehicle to avoid a collision with the SAIA Vehicle.

23) Averitt Express is vicariously liable for the negligence of Beers.

24) On information and belief, Beers did not possess the skill or training to safely operate a commercial vehicle.

4

25) On information and belief, Averitt Express negligently hired Beers as a commercial driver and is directly liable for such negligence.

26) On information and belief, Averitt Express negligently failed to properly instruct and/or train Beers as a commercial driver and is directly liable for such negligence.

27) On information and belief, Averitt Express negligently entrusted a commercial vehicle to Beers and is directly liable for such negligence.

28) On information and belief, Averitt Express negligently retained Beers despite what it knew or should have known about his history as a commercial driver and is directly liable for such negligence.

29) Beers / Averitt Express were the proximate cause of damages suffered by SAIA.

30) As a result of Beers' negligent behavior, imputed to Averitt Express, SAIA sustained property and other damages.

31) Cobb owed a duty to SAIA and Arakaki to use due care to watch where he was driving, maintain a proper lookout, reduce speed to avoid a collision, and maintain a proper distance between the Harold Bibbs Vehicle and other vehicles, including the SAIA Vehicle.

32) Cobb breached his duty to by negligently:

   a. failing to operate the Harold Bibbs Vehicle in a reasonable and prudent manner;

   b. operating the Harold Bibbs Vehicle in a negligent manner;

   c. failing to control the speed of the Harold Bibbs Vehicle;

   d. operating the Harold Bibbs Vehicle too fast for the conditions present;

  e. failing to keep a lookout for that which was ahead of him, including the SAIA Vehicle;

  f. failing to devote full time and attention to the operation of the Harold Bibbs Vehicle;

  g. failing to apply brakes and stop the Harold Bibbs Vehicle to avoid a collision with the SAIA Vehicle; and

  h. failing to maintain proper control of the Harold Bibbs Vehicle and stop, turn, or otherwise maneuver the vehicle to avoid a collision with the SAIA Vehicle.

33) Harold Bibbs is vicariously liable for the negligence of Cobb.

34) On information and belief, Cobb did not possess the skill or training to safely operate a commercial vehicle.

35) On information and belief, Harold Bibbs negligently hired Cobb as a commercial driver and is directly liable for such negligence.

36) On information and belief, Harold Bibbs negligently failed to properly instruct and/or train Cobb as a commercial driver and is directly liable for such negligence.

37) On information and belief, Harold Bibbs negligently entrusted a commercial vehicle to Cobb and is directly liable for such negligence.

38) On information and belief, Harold Bibbs negligently retained Cobb despite what it knew or should have known about his history as a commercial driver and is directly liable for such negligence.

39) Cobb / Harold Bibbs were the proximate cause of damages suffered by SAIA.

6

40) As a result of Cobb's negligent behavior, imputed to Harold Bibbs, SAIA sustained property and other damages.

WHEREFORE, Plaintiff SAIA Motor Line, LLC respectfully prays as follows:

1. That service of process be had on Defendants Averitt Express, Inc., William Charles Beers, Jr., Harold Bibbs & Sons Trucking, LLC, and Tommy Eugene Cobb.

2. That the Court empanel a jury to try this matter.

3. That the Court and/or jury find that Defendants were guilty of negligent behavior.

4. That the Court and/or jury award Plaintiff compensatory money damages in an amount to be proved at trial but not less than that required for federal diversity jurisdiction for its property and other damages.

5. That the Court award Plaintiff all court costs and discretionary costs to which it is entitled.

6. That the Court award Plaintiff reasonable pre-judgment and post-judgment interest until the full award is paid to it.

7. That the Court award Plaintiff all additional relief to which it is entitled.

Respectfully submitted this 15th day of June, 2020

By: _____
J. Lewis Wardlaw (Arkansas Bar #2004034)
**MARTIN, TATE, MORROW & MARSTON, P.C.**
International Place, Tower II
6410 Poplar, Suite 1000
Memphis, TN 38119
(901) 522-9000
Lwardlaw@martintate.com

*for Plaintiff*